IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------------------------X

KAWANA WILLIAMS,

                          Plaintiff *Pro Se*,

          -v-

DELTA-T-GROUP MARYLAND, INC.,

                               Defendant.

Case No.: 1:24-cv-03064-ABJ

-------------------------------------------------------------------X

## **REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

On March 17, 2025, Defendant Delta-T Group Maryland, Inc. ("Delta-T"), by and through its undersigned counsel, moved to dismiss Plaintiff Kawana Williams's Complaint under Federal Rule of Civil Procedure 12(b)(2) because this Court lacks personal jurisdiction over Delta-T and under Federal Rule of Civil Procedure 12(b)(1) because Ms. Williams lacks standing to bring this claim because the harm alleged is to her company, Well-Konnect, LLC, and not to her personally.

On March 18, 2025, the Court ordered Ms. Williams to respond to Delta-T's Motion by April 18, 2025. *See* ECF 14. In that Order, the Court made clear that Local Civil Rule 7(b) permits the Court to treat Delta-T's motion as conceded should Ms. Williams fail to file an opposing memorandum addressing Delta-T's arguments, and "failure to respond to defendant's motion in this case carries with it the risk that the case will be dismissed." *Id.* at 2.

On April 3, 2025, Ms. Williams filed a "Letter" (ECF 15) claiming the parties are presently engaged in arbitration proceedings – which is simply untrue. While the document states that "evidence" of the arbitration process is attached, there does not appear to be any such attachment. Ms. Williams does not otherwise address Delta-T's arguments in its Motion to Dismiss and has

1

not filed anything else in response to Delta-T's Motion to Dismiss. Therefore, the Court should construe Delta-T's Motion to Dismiss as conceded. *See Henneghan v. District of Columbia*, 916 F. Supp. 2d 5, 9 (D.D.C. 2013) ("The Court has reviewed plaintiffs' opposition to the District's motion to dismiss, and finds that it utterly fails to address the substantive arguments the District makes. Under these circumstances, the Court may treat as conceded any argument raised in the motion which the opposing parties fail to address.").

Because (1) Ms. Williams's Complaint contains no allegations showing that this Court has personal jurisdiction over Delta-T, (2) Ms. Williams lacks standing to bring claims that belong to her company, Well Konnect, LLC and not her personally, and (3) Ms. Williams fails to address the merits of its Motion to Dismiss, Delta-T requests that this Court dismiss Ms. Williams's Complaint with prejudice.

Respectfully submitted,

Date: April 24, 2025

**JACKSON LEWIS P.C.**

_____
Nigel L. Wilkinson (D.C. Bar No. 466221)
Felicia K. Marsh (D.C. Bar No. VA164)
11790 Sunrise Valley Drive, Suite 400
Reston, VA 20191
(703) 483-8300 Telephone
(703) 483-8301 Facsimile
Nigel.Wilkinson@jacksonlewis.com
Felicia.Marsh@jacksonlewis.com

*Counsel for Defendant Delta-T Group Maryland, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on April 24, 2025, a true and correct copy of the foregoing document was electronically filed with the Clerk's Office through the Court's electronic filing system, and that same document will therefore be electronically served on all parties of record registered with the Court's electronic filing system.

I FURTHER CERTIFY that, also on April 24, 2025, I sent a true and correct copy of the foregoing document to Plaintiff via electronic and first-class mail, postage prepaid, to:

>Kawana Williams
>3030 30th Street, S.E. Apt. 301
>Washington, DC 20020
>Kawana.williams@waldenu.edu
>
>*Plaintiff Pro Se*

_____
Nigel L. Wilkinson (D.C. Bar No. 466221)

*Counsel for Defendant Delta-T Group Maryland, Inc.*